### 19247

In the Matter of Stanley B. CROSBY, Respondent

(182 S. E. (2d) 289)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Irvin D. Parker, John P. Wilson, Asst. Attys. Gen.,* of Columbia,

326

*for Complainant,*

*Messrs. Thomas H. Pope* and *Robert D. Schumpert,* of Newberry, *for Respondent,*

June 23, 1971.

*Per Curiam:*

Respondent Stanley B. Crosby, an attorney, was found guilty by a majority of The Board of Commissioners on Grievances and Discipline of professional misconduct in that he on two occasions solicited business in violation of Canon 28 of the Canons of Professional Ethics, Supreme Court Rule 33. There was dissent on The Board from this finding. A majority of The Board has recommended that respondent be indefinitely suspended from the practice of law because of such misconduct.

The record amply supports the findings of The Board that respondent was guilty of the charges against him and we adopt their recommendations in that regard.

However, we disagree with The Board's recommendation that respondent be indefinitely suspended from the practice of law. In our opinion, a public reprimand is proper punish-

ment under this record, and we modify the recommendations of The Board to this extent.

Stanley B. Crosby, therefore, stands publicly reprimanded by this Court and warned against the repetition of any similar conduct in the future.

Moss, Chief Justice, and LITTLEJOHN, Justice (concurring and dissenting) :

We agree with the *Per Curiam* Order holding that the record amply supports the findings of The Board that respondent solicited business in violation of Canon 28 of the Canons of Professional Ethics, Supreme Court Rule 33, and we adopt their recommendation in that regard.

It is our view that The Board's recommendation that the respondent be indefinitely suspended from the practice of law should also be accepted. The hearing panel, after finding the respondent guilty of soliciting business at the Sarvis automobile repair shop on two separate occasions, said:

"* * * that there was in existence a planned arrangement of a disposition of obvious cases of liabilty when same were obtained through the agency of Sarvis' wreckers arriving at the scene of automobile accidents as promptly as possible after discovering the existence of such accident by monitoring of police radio channels in the City of Columbia, and that respondent was by design a part of this plan, which was mutually profitable to respondent and Sarvis. In view of this, it appears to the Panel that these two instances complained of were not isolated, nor did they occur by happenstance or chance. The Panel is of the opinion that the solicitation by the respondent was not unintentional or inadvertent but was part of this plan or arrangement, and it, therefore, considers same to have been premeditated and deliberate, * * * ."

The recommendation of The Board is entitled to much weight, and we find nothing in the record which warrants a penalty less severe than that which The Board thought appropriate.