## 19893

In the Matter of Tom FRIDAY, Respondent

(208 S. E. (2d) 535)

*Messrs. Daniel R. McLeod, Atty. Gen., and A. Camden Lewis, Assist. Atty. Gen.,* of Columbia, *for Complainant.*

*Messrs. L. Marion Gressette of St. Matthews,* and *Marshall B. Williams and Lofton M. Fanning,* of Orangeburg, *for Respondent.*

Sept. 26, 1974.

*Per Curiam:*

After hearings pursuant to our rule on disciplinary procedure, the Board of Commissioners of Grievances and Discipline filed with this Court its certified report finding the respondent guilty of professional misconduct, and recommending that the respondent be publicly reprimanded. The

matter is now before us on the report of the Board and the respondent's return to our order requiring him to show cause why a disciplinary order should not be issued against him.

Respondent is a member of the Bar of South Carolina and has been engaged in the practice of law in this state since 1949. For quite a number of years, until he resigned to run for other political office in 1972, the respondent was a magistrate in the City of Orangeburg and also practiced law in that city. This proceeding was instituted by complaint and proceeded to a hearing before a panel in November, 1973. The complainant charged the respondent with alleged professional misconduct in 22 particulars or counts. The facts as to 17 of the charges were stipulated and as to these the panel concluded that the stipulated facts constituted professional misconduct on the part of the respondent and that the appropriate punishment should be a public reprimand. As to the other five counts the panel exonerated the respondent either for lack of evidence or upon finding that the charges were not sufficiently proven by the conflicting evidence.

The report of the panel was reviewed by the Board on April 5, 1974; the Board after lengthy consideration of the report finally voted unanimously to confirm the findings of the panel as to the professional misconduct of the respondent, and by a majority vote, approved its recommendation that the respondent be publicly, rather than privately, reprimanded.

In the 17 instances in which the respondent was found guilty of professional misconduct he had, as an attorney, represented defendants in the General Sessions Court after having either issued the arrest warrants and/or fixed the amounts of the bonds in the cases. In every instance the defendants entered pleas of guilty in the General Sessions Court. In some cases he was paid a fee for his representation, but in others he was not. In none of the cases did the respondent hold a preliminary hearing and he represented

none of the defendants in any civil matters arising out of or connected with the criminal cases.

Respondent testified that he had not intentionally acted improperly in any of these cases and that he had ceased any further representation of defendants in such cases when the question of the impropriety of his conduct was called to his attention by a circuit judge. He contends that the function of issuing warrants and setting bonds were ministerial, as opposed to judicial, acts and that none of the defendants had been before him in his judicial capacity as a magistrate. Such contention is clearly without merit. The determination of existence of probable cause for the issuance of an arrest warrant is clearly a judicial function. Likewise, consideration of the circumstances in a particular case to determine the appropriate amount of bail is a judicial and not a ministerial function.

Section 43-4 of the South Carolina Code provides that "It shall be unlawful for any magistrate to appear as an attorney at law in any of the courts of this State in any action which may have been before him in his official capacity as such magistrate. Any magistrate who violates any provision of this section shall forfeit his office."

Canon 36 of the Canons of Professional Ethics, Supreme Court Rule 33, provides, *inter alia,* that "A lawyer should not accept employment as an advocate in any matter upon the merits of which he has previously acted in a judicial capacity."

An attorney is obligated to represent his client with undivided fidelity. Canon 6, Supreme Court Rule 33. As pointed out in the panel report, the practice of law by a judge, who is not required to give his entire time to judicial duties, puts the judge who practices in a position of great delicacy where he must be scrupulously careful to avoid conduct in his practice whereby he utilizes or seems to utilize his judicial position to further his professional success. As also pointed out, respondent could not give his

client undivided fidelity when he had already acted for the State in the same case.

The admitted conduct of the respondent clearly constituted professional misconduct within the meaning of section 4 of the rule on disciplinary procedure, in that such conduct was in violation of the Canons of Professional Ethics and also constituted conduct tending to pollute or obstruct the administration of justice and to bring the courts and the legal profession into disrepute.

The complainant urges the court to find the respondent guilty of a much more serious charge alleged in the complaint, which the panel concluded had not been sufficiently proven, it being of the view that the weight of the conflicting evidence as to that particular charge was in respondent's favor. Apparently no issue was made before or considered by the full Board as to whether it, contrary to the finding of the panel, should find the respondent guilty of this more serious charge. Here, the complainant citing *Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300 and other cases collected in West's South Carolina Digest, Attorney and Client, Key 57, for the proposition that the Board's report is advisory only and that this Court is in no way bound by its findings of fact or recommendation, urges this Court to find the respondent guilty of this more serious charge. Complainant recognizes that the proof of any charge of alleged misconduct must be clear and convincing, but argues that the evidence herein is clear and convincing proof of respondent's guilt of the more serious charge.

Assuming, without necessarily deciding, that it would be appropriate for this Court in a proper case to find an attorney guilty on a charge as to which the hearing panel exonerated him and upon which the Board has not passed at all, we are convinced that the evidence in this case is not so clear and convincing as to warrant us in doing so.

We have previously pointed out in several cases that while the findings and recommendations of the Board are advisory only and not binding upon this

Court, such are entitled to great weight in our consideration as to the appropriate disposition of a particular case. The evidence in the instant case as to the particular charge under discussion is in sharp conflict. The members of the panel who saw and heard the witnesses and had an opportunity to observe their attitudes and demeanors concluded that the weight of this conflicting evidence favored the respondent and that the charge had not been proven. The record simply does not warrant this Court in reversing this factual finding of the panel.

We revert to the matter of appropriate disciplinary action for the proved acts of misconduct on the part of the respondent. We are convinced that his conduct fully warranted the recommendation of the panel, and a majority of the Board, that he be publicly reprimanded. Accordingly the respondent, Tom Friday, stands publicly reprimanded by this Court for his acts of professional misconduct. Let this order be published with the opinions of this Court.

And it is so ordered.