## 20070

In the Matter of Ira J. BLOOM, Respondent

(217 S. E. (2d) 143)

· *Messrs. Daniel R. McLeod, Atty. Gen.,* and *A. Camden Lewis, Asst. Atty. Gen.,* of Columbia, *for Complainant.*

*Edward K. Pritchard, Esq.,* of Charleston, *for Respondent.*

July 22, 1975.

*Per Curiam:*

The respondent is a practicing attorney in Charleston County and is primarily engaged in criminal defense practice. On April 24, 1974, he represented a client before a magistrate in connection with charges arising out of an incident at Folly Beach, South Carolina. The incident had been investigated by Folly Beach Acting Police Chief Roy Jordan and his subordinate, Officer Vance Ott. On May 3, 1974, after the disposition of the case, the respondent and an investigator employed by his law firm gave Officer Jordan one hundred ($100.00) dollars in cash and Officer Ott fifty ($50.00) dollars in cash.

The panel of the Board of Commissioners on Grievances and Discipline specifically found that the payment was not a reward for the result obtained at the trial on April 24, although the cash payments certainly gave this appearance. Further, the panel found that there was "no evidence that any of the Respondent's activity in connection with the handling of the Seigler case were improper and there is no evidence that there were any promises made by Respondent or payments made for or in connection with the disposition of the Seigler case." The full Board concurred.

The panel's finding and the concurrence of the full Board are advisory only and not binding upon this Court. These are, however, entitled to great respect, particularly when the transcript is lengthy and the inferences to be drawn from the testimony depend largely on the credibility of the witnesses, which, of course is assessed best by personal observation at the hearing. See *In Re Tom Friday,* 263 S. C. 156, 208 S. E. (2d) 535 (1974). The panel's finding is not without substantial evidentiary support and

our treatment of this case is based on acceptance of the findings of fact of the panel.

The panel and Board have recommended that the respondent be adjudged guilty of violating the Code of Professional Responsibility (Supreme Court Rule 32) in that the cash payment was made to curry favor with the officers for the purpose of solicitation. The cash payment caused a violation of DR 2-103(B):

"[A] lawyer shall not compensate or give anything of value to a person or organization to recommend or secure his employment by a client, or as a reward for having made a recommendation resulting in his employment by a client."

The payment also violated S. C. Code § 16-213 which prohibits extra compensation for officers. Hence, the respondent violated DR 1-102(A)(5):

"A lawyer shall not engage in conduct that is prejudicial to the administration of justice."

See *In Re Crosby,* 256 S. C. 325, 182 S. E. (2d) 289.

The respondent argues that the payment was merely an expression of appreciation for the officers' faithful discharge of their duties in the past and for the cooperation that each had given the respondent in his practice. Respondent stated that the larger sum was given to Jordan because of greater contact in the past with him. Furthermore, respondent urges that he should be vindicated because the two officers had publicly expressed their intention to resign.

Officer Jordan testified that the payment was, at least in part, for prior cases he had referred to the respondent. Obviously, this supports the conclusion that the payment was part of a plan of solicitation. Moreover, when the payment was made, the respondent knew that the officers had not officially tendered a resignation. The respondent also was aware that when and if officer Jordan resigned, he was seeking employment in a law enforcement agency in Charleston County. Accordingly, we are of the opinion that the

respondent's defense is lacking in candor and is unmeritorious. The only reasonable inference from the payment is that it was intended for the purpose of solicitation.

The Board correctly recognized that as far as the ██ Code of Professional Responsibility is concerned a lawyer may properly make gifts to friends who happen to be policemen out of friendship; however, wholesale gifts to police or other public officials are improper as are gifts that are not made out of friendship but are motivated by, and made with, the intention of currying favor and/or soliciting business. The instant case is not a close one and we have no hesitancy in holding that this payment, at the least, was made for the purpose of solicitation. Oftentimes a determination of what constitutes a gift and what amounts to soliciting presents a difficult problem. Nevertheless, lines can and must be drawn. Any attorney who engages in the practice of making gifts to persons who might reasonably be expected to funnel him business or officials who might benefit the attorney must do so with the utmost prudence. The attorney should be aware that if this Court finds that the primary purpose and intention of the gift was for the purpose of solicitation or currying favor, he will be adjudged in violation of the Canons of Ethics.

The respondent has objected to the finding of the Board that other conduct was improper in that he was charged only with the cash payment. The "other" conduct dealt with the furnishing of free legal advice to police officers and their wives, the employment of a former police officer who still retains membership in the County Police Officers Association, entertainment of police officers, and the giving of gifts to police officers at Christmas time. All of the testimony concerning the other alleged improper conduct was introduced by the respondent through his own counsel. We agree that without charges being brought against him, he could not be adjudged guilty of violating the Code of Professional Responsibility for the "other" conduct. Nevertheless, the existence of this conduct certainly bears upon the

intention and propriety of the cash gift. Furthermore, since the evidence was introduced by the respondent, he will not now be heard to complain of the Board's considering it.

■ The Board has recommended that the respondent receive a public reprimand. The Board considered "the fact that for some years the practice of giving gifts by lawyers has occurred in the South Carolina Bar and particularly in the Charleston area." Because the impropriety of this practice has not been called to the attention of the Bar in a disciplinary action and the respondent's conduct was, perhaps in part, the result of loose practices in the area, we believe that the generosity of the Board is not misplaced. Accordingly, we approve the recommendation and it is hereby ordered, adjudged and decreed that the respondent, Ira J. Bloom, be and he hereby is publicly reprimanded.

In so doing, we note that it is the obligation of the members of the Bar to familiarize themselves with Supreme Court Rule 32, and that the impropriety of this practice having been called to the attention of the members of the Bar, they should no longer attempt to seek sanctuary in the fact that gifts of this type were once a common practice. Finally, the former practice of gift making will not be considered as a mitigating circumstance when we consider similar violations occurring after the publication of this opinion, and this Court will not be bound, in future cases, with the discipline here imposed.