20237

In the Matter of Samuel C. CRAVEN, Respondent.

(225 S. E. (2d) 861)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *A. Camden Lewis, Asst. Atty. Gen.,* of Columbia, *for Complainant.*

*Messrs. G. M. Howe, Jr.,* of Charleston, and *Kermit S. King,* of Columbia, *for Respondent.*

June 10, 1976.

*Per Curiam:*

The respondent, Samuel C. Craven, a practicing attorney in Charleston, South Carolina was unanimously found guilty of professional misconduct by the three member hearing panel and full Board of Commissioners on Grievances and Discipline in that he knew his employee was engaged in solicitation of professional employment for him on three occasions in violation of the Code of Professional Responsibility, Supreme Court Rule 32.

The report of the panel discloses that Harold Gantlin, employed by respondent to work around his law office and farm, approached Mrs. Ethel Sheppard as she was preparing to go to the morgue to release the body of her husband who had been killed in an accident. Mrs. Sheppard went with Mr. Gantlin thinking he was an investigator looking into her husband's death and that he would be able to recover the large amount of money allegedly stolen from his body. Mr. Gantlin took Mrs. Sheppard to respondent's home and finally to his office where an employment contract was signed.

Mrs. Sheppard testified that she did not go to respondent for legal representation but to recover the allegedly stolen money, and that she did not know he was an attorney until an insurance adjuster informed her respondent had filed suit in her behalf.

The second instance of solicitation involved Miss Louise Wiggins who after being treated in the Charleston County Emergency Room was approached by Mr. Gantlin and subsequently taken to her home in Pineville, South Carolina approximately sixty miles away. Several days later Mr. Gantlin appeared unannounced and unexpected at her home and transported her to respondent's office where she signed an employment contract.

Miss Wiggins testified she did not know Mr. Gantlin or respondent prior to her accident and had not called either of them. The panel found that Mr. Gantlin solicited Miss Wiggins' case for respondent who subsequently represented her with this knowledge.

The third solicitation involved Mr. Gantlin appearing at the home of the Moultries shortly after their son had been run over by a hit-and-run driver for the purpose of taking them "to a man who could help them." The Moultries accompanied Mr. Gantlin to respondent's office.

The panel found that in each of the three cases, an accident occurred, after which Mr. Gantlin appeared, recommending his employer and after which the victim or surviving relatives were taken by Mr. Gantlin to respondent's office. The panel further found that solicitation existed and that respondent had knowledge of it.

The panel unanimously recommended public reprimand in consideration of respondent's "otherwise fine record as an attorney." The full Board upheld the panel's findings, but voted nine (9) to six (6) for indefinite suspension.

A thorough review convinces us that the panel's findings, concurred in by the Board, are supported by clear and convincing proof and our treatment of the case is based on acceptance of them. The sole remaining issue, then, is the appropriate discipline to be imposed.

Respondent is guilty of violating Disciplinary Rules 2-103 and 2-104 of Canon II of the Code of Professional Responsibility, Supreme Court Rule 32, which prohibit solicitation by direct or indirect means. This Court has continuously condemned such practice.

While we find respondent's actions reprehensible in stirring up litigation, in bringing the legal profession into disrepute, and by intruding himself and his employee into people's privacy, especially those recovering from accidents and the loss of loved ones, in many respects the misconduct

was more aggravated in *In re Bloom,* 265 S. C. 86, 217 S. E. (2d) 143 (1975). Rather than engaging a family handyman in solicitation, Mr. Bloom made cash payments to policemen for this purpose. The corruption of law enforcement and the appearance of impropriety to the public by such payments, undermining confidence both in the legal profession and law enforcement, must be more detrimental on the whole than the solicitation involved here. In neither *Bloom* nor here was there any issue as to the quality of legal services rendered.

Although this Court stated it would not be bound, in future cases, by the discipline imposed in *Bloom, supra,* our warnings there were directed to violations occurring after the publication of that opinion. The infractions giving rise to this proceeding occurred in 1971. The complaint herein was served on respondent in January, 1973 considerably in advance of *Bloom, supra,* which was published July 22, 1975. It would not be equitable to impose indefinite suspension here when we endorsed public reprimand there. Therefore, we adopt the panel's unanimous recommendation for public reprimand as the proper discipline to be here imposed.

Accordingly, it is hereby ordered, adjudged and decreed that the respondent, Samuel C. Craven, be and he hereby is publicly reprimanded.

In so doing we again note the obligation of the Members of the Bar to inform themselves of Supreme Court Rule 32. We further note that we will not be bound with the discipline here imposed in future cases.

LITTLEJOHN, J., concurs and dissents.

LITTLEJOHN, Justice (concurring and dissenting):

I agree with the *per curiam* opinion which holds that the respondent is guilty of violating Disciplinary Rules 2-103 and 2-104 of Canon II of the Code of Professional Responsibility, Supreme Court Rule 32, which prohibit solicitation

of business by a member of the bar. I concur in the majority opinion which holds, ". . . we find respondent's actions reprehensible in stirring up litigation, in bringing the legal profession into disrepute, and by intruding himself and his employee into people's privacy, especially those recovering from accidents and the loss of loved ones, . . . ."

In my view, the Board's recommendation that the respondent be indefinitely suspended from the practice of law is warranted and should be accepted.

In the case of *In re Crosby,* 256 S. C. 325, 182 S. E. (2d) 289 (1971), which involved solicitations, this Court rejected the recommendation of the Board that the respondent be indefinitely suspended, and ordered a public reprimand. I dissented.

In *In re Bloom,* 265 S. C. 86, 217 S. E. (2d) 143 (1975), which involved a matter of solicitation, I reluctantly accepted the recommendation of the Board that a public reprimand be administered.

In the case now before us, the Board has recommended that the respondent, Samuel C. Craven, be indefinitely suspended. I find nothing in the record to warrant a rejection of this recommendation. To me, it is clear that the respondent used Mr. Gantlin over a long period of time as a "runner" to "drum up" lawsuits for his office. The theory that Mr. Gantlin was a farm worker, occasionally of his own volition routing business to Mr. Craven, is incredible. It is clear to me that Gantlin was not a farm worker helping the office on the side, but was an office worker, perhaps farming on the side. Gantlin was equipped with a one-way radio beeper, enabling the two to keep in close contact. Their system of operation was well-planned and designed to stir up litigation and attract business. In this regard, it was obviously successful.

I dissent from that portion of the *per curiam* opinion which rejects the recommendation of the Board, and would adopt the same as the appropriate disposition of this case.