## 21299

In the Matter of Franklin D. BEATTIE, Jr., Respondent.

(270 S. E. (2d) 624)

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*John W. Williams,* Columbia, *for respondent.*

September 11, 1980.

*Per Curiam:*

This matter is before us to review the action of the Board of Commissioners of Grievances and Discipline. That Board found that Attorney Franklin D. Beattie, Jr.[1], respondent,

---

[1] Respondent is also a minister.

was guilty of misconduct. Both the Hearing Panel and the Executive Committee were in agreement. The Panel recommended a private reprimand. The Executive Committee recommended a public reprimand. We approve the recommendation of the Executive Committee.

■ The complaint alleges that the respondent, during December of 1978, solicited legal business by recommending his employment as a private practitioner under a fee arrangement to a nonlawyer who had not sought his advice regarding his employment as a lawyer and by subsequently accepting employment resulting from that advice.

The respondent answered, denying these allegations and affirmatively alleged that he was requested to represent the complaints.

The findings of fact of the Panel, which are supported by clear and convincing evidence, include the following:

"On Thursday, December 7, 1978, Mr. and Mrs. John W. Cargile and their granddaughter, Lisa Webb, were involved in a head-on collision with an automobile being driven by one Mrs. Housgard. Mr. and Mrs. Cargile were hospitalized with serious injuries; a passenger in the other vehicle was killed . . . Mr. Cargile requested that Mr. Webb contact Attorney G. L. Toole III of Aiken, South Carolina. At church on Sunday, December 10, 1978, Carol Holland, sister of the husband of one of the daughters of Mr. and Mrs. Cargile, informed the Respondent of the collision and requested that he call on the Cargiles in the hospital. December 12, 1978, the Respondent came to the Cargiles' hospital room. There is a divergence of testimony as to exactly what conversation was initiated and by whom, but the panel concludes that the overwhelming weight of the evidence is that the Respondent initiated the discussion concerning the accident and possible representation of the Cargiles for their injuries. The Respondent was advised that contact had been made with Attorney Toole, but nevertheless continued to

press the need for immediate investigation of the case and protection of the Cargiles' interests, all with the clear implication that the Respondent should be their attorney. It is uncontroverted that at this point in time both Mr. and Mrs. Cargile were suffering from quite serious injuries and emotional distress. It is also clear that neither of the Cargiles nor any member of their immediate family had requested the Respondent's presence at the hospital. Even the testimony of Carol Holland, who had brought the Cargiles' plight to the attention of the Respondent, revealed that the Respondent was contacted in his capacity as a minister, not as an attorney.

"On December 13, 1978, Don Gray, Respondent's investigator, went to Mr. Cargile's hospital room and obtained medical authorizations and contingency fee contracts. Both of the Cargiles were in considerable physical and emotional distress at this time, Mr. Cargile having undergone a hip operation several days before and Mrs. Cargile being scheduled for surgery the next day for fractures of facial bones."

The Panel's conclusion of law was as follows:

"The respondent violated Disciplinary Rule 2-103(A) by recommending employment of himself to non-lawyers who had not sought his advice regarding employment of a lawyer, and Disciplinary Rule 2-104(A) by accepting employment resulting from his unsolicited advice to laymen that they should obtain counsel to take legal action in this case. At a time when neither his presence nor his advice had been sought, and when the Cargiles were injured and in great distress, the Respondent made personal solicitations of their cases and, through his investigator, obtained contracts for representation while they lay most vulnerable in their hospital rooms."

The gist of the respondent's contention in argument before this court was that complainants had not met the burden of proof and that the sanction of public reprimand was too

severe. Suffice it to say that the Panel believed the testimony submitted by the Complainants and we are unable to say that the Panel was not justified in its factual finding.

The sanction of public reprimand recommended by the Executive Committee is consistent with the holdings of this court in other cases involving solicitation of business by an attorney. *See: In Matter of Reaves,* 272 S. C. 213, 250 S. E. (2d) 329 (1978); *In re Craven,* 267 S. C. 33, 225 S. E. (2d) 861 (1976); *In re Crosby,* 256 S. C. 325, 182 S. E. (2d) 289 (1971), and *In re Bloom,* 265 S. C. 86, 217 S. E. (2d) 143 (1975). The facts in each case are different. Each is aggravated in its own way. The circumstances surrounding the solicitaton in this case make the action of the respondent reprehensible. This court looks with disdain upon the action of attorneys, who violate the Code of Ethics by soliciting business.

The contention of the respondent that ■ "So much of Rule 14 [§ 14] of the Rule of Disciplinary Procedure as authorizes action by the Executive Committee of the Board after a Panel Report has been filed, as that rule is applied, is unconstitutional." is without merit.

The respondent stands publicly reprimanded before the bench and bar and the people of this State.