24362

In the Matter of James T. McBRATNEY, Jr., Respondent.

(465 S.E. (2d) 733)

Supreme Court

*Attorney General Charles M. Condon* and *Assistant Deputy Attorney General J. Emory Smith, Jr.,* Columbia, *for complainant.*

*Saunders M. Bridges, Jr.,* of *Bridges, Orr, Derrick & Ervin,* Florence, *for respondent.*

Heard Nov. 14, 1995.

Decided Jan. 8, 1996.

*Per Curiam:*

In this attorney grievance matter, the Hearing Panel recommended that respondent be privately reprimanded for misconduct in violation of the Rules of Professional Conduct, Rule 407, SCACR, and Rules on Disciplinary Procedure, Rule 413, SCACR. The Executive Committee accepted the Panel's findings of facts and conclusions of law, but voted to recommend that respondent be publicly reprimanded. We find the appropriate sanction is a definite suspension from the practice of law for a period of ninety (90) days.

The ethical violations committed by respondent arise from his involvement in a romantic and sexual relationship with his client and the unlawful dispensing of valium, a controlled substance, to his client. A synopsis of the misconduct follows. In February 1992, client retained respondent to represent her in

a domestic relations matter. On April 21, 1992, client and husband executed an agreement resolving issues of custody, child support, alimony, and property division. Respondent, who was married at the time, admits that he engaged in an adulterous relationship with client during representation. On May 28, 1992, before the April 21st agreement was approved by the court, respondent was informed that husband no longer agreed to the terms of the earlier agreement because client was involved in extramarital affairs. A proposal for a new agreement was attached to the complaint which named respondent as a paramour of client. The new agreement was much less favorable to client in that it waived her rights to alimony, made her a secondary custodial parent in a joint custody arrangement, provided no child support payments to her, and required her to vacate the marital home within thirty (30) days.

Client met with respondent in his office to discuss the new agreement. Because she did not have her valium capsules with her, client asked respondent for something to calm her nerves. Respondent admits that he gave client one half a valium which had been prescribed for his use.

Contrary to her best interests, client signed the new agreement on May 29, 1992. Respondent continued to represent client until she could retain new counsel, which was approximately thirty (30) days after the May 29th agreement was signed. On October 13, 1992, the family court granted husband a divorce on the grounds of adultery, set aside the May 29th agreement, and devised a new agreement. Subsequently, client has negotiated a favorable malpractice settlement with respondent.

We conclude that respondent's affair with client and disbursal of a controlled substance constitutes misconduct in violation of the Rules of Professional Conduct, Rule 407, SCACR, and the Rules on Disciplinary Procedure, Rule 413, SCACR. Specifically, respondent violated the Rules of Professional Conduct by representing client when the representation was materially limited by his own interests (Rule 1.7); by failing to provide competent representation (Rule 1.1); by committing a criminal act reflecting adversely on his fitness and trustworthiness (Rule 8.4(b)); by engaging in conduct prejudicial to the administration of justice (Rule 8.4(e)); by representing client

when the representation resulted in a violation of Rule 1.16(a); and by violating Rule 8.4(a). Respondent has violated the Rules on Disciplinary Procedure by engaging in conduct which tends to pollute the administration of justice, brings the legal profession into disrepute, and demonstrates his unfitness to practice law (Section 5(D)).

The primary purpose of suspending or disbarring an attorney is not to punish the offending attorney, but to remove an unfit person from the profession for the protection of the public and the courts. *In re Kennedy*, 254 S.C. 463, 176 S.E. (2d) 125 (1970). The authority to discipline attorneys and the manner by which the discipline is given rests entirely with this Court. *Matter of Solomon*, 307 S.C. 1, 413 S.E. (2d) 808 (1992). It is therefore ordered that respondent shall be suspended from the practice of law in this State for ninety (90) days. Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Definite suspension.