478 S.E.2d 253

In the Matter of Walter J. BILBRO, Jr., Respondent.

No. 24513.

Supreme Court of South Carolina.

Heard Sept. 4, 1996.

Decided Nov. 4, 1996.

Rehearing Denied Dec. 5, 1996.

Attorney General, Charles Molony Condon, and Senior Assistant Attorney General, Charles H. Richardson, Columbia, for complainant.

Desa Ballard, of Ness, Motley, Loadholt, Richardson & Poole, P.A., of Charleston, for respondent.

PER CURIAM:

This is an attorney disciplinary matter. Two members of the Panel recommended a public reprimand or a definite suspension of no more than three months. The third Panel member recommended a definite suspension of three months along with counseling. The Executive Committee, by a vote of six to three, recommended a definite suspension of three months. The three dissenting members voted for a definite suspension of six months. We hereby impose a definite suspension of six months.

*Sexual Relations Matter*

Respondent was charged with sexual relations with a client. Respondent was representing a female client (Client) in a complicated divorce action. Client testified on two occasions respondent engaged in sexual relations with her. Respondent denied Client's allegations of sexual relations. His testimony was comprised of attempts to impeach Client's testimony by

rebutting minute details that were irrelevant to the substantive issues before the Panel.

 The Executive Committee agreed with the Panel's finding of consensual sexual relations with a client. The Panel's findings are entitled to great weight. *Matter of Lake*, 269 S.C. 170, 236 S.E.2d 812 (1977). The Panel's finding and the concurrence of the Executive Committee are advisory only and not binding upon the Court. These are, however, entitled to great respect, particularly when the inferences to be drawn from the testimony depend largely on the credibility of the witnesses, which of course is assessed best by personal observation at the hearing. *In re Bloom*, 265 S.C. 86, 217 S.E.2d 143 (1975). *See also In re Friday*, 263 S.C. 156, 208 S.E.2d 535 (1974). After a careful review of the entire record, we find the Panel and Executive Committee were correct in their findings on this matter. Respondent took advantage of his superior position as Client's lawyer. We conclude respondent engaged in sexual activity with Client and thereby knowingly jeopardized Client's right to alimony and could have prejudiced her custody of her children.

### Mazzell Trust Matter

 Respondent is trustee of a trust created for the benefit on an autistic child, John Mazzell. The trust instrument prohibits the trustee from allowing any person or enabling any person to borrow the principal or income of the trust, directly or indirectly, without adequate interest or security.

In 1992, respondent and Dr. John Rand decided to each invest $50,000 in a car leasing business. The parties invested $20,000 each in the business prior to the transactions which are the subject of this grievance. On March 26, 1992, respondent obtained a shareloan at 8%, the security for which was the retained balance of the trust's money market account. Respondent deposited the $30,000 loan money into his properties account. Respondent then wrote a check to Rand for $30,000 out of the properties account on March 26, 1992. Rand executed a promissory note to respondent on that date. The note was unsecured and had no due date.

When respondent received a check from Rand, it was deposited into the trust account and a check in the same amount

was issued out of respondent's properties account to Rand with notations on them such as "interest on loan," "reimbursement of interest on loan," and "interest payment on loan." On October 15, 1993, after the attorney general's office began its investigation, respondent took out a loan and paid off the shareloan.

Dr. Rand testified that in February 1992, respondent approached him about an opportunity to participate in a car leasing business. Respondent informed Rand it was an "urgent situation." Rand testified respondent mentioned "fluctuations" in his cash flow and that it was the time of year when respondent did not have the funds readily available. Accordingly, respondent came to Rand with the idea that if funds were produced from the trust and loaned to Rand, Rand could subsequently, at the same interest rate, lend the money to respondent for his investment in the car leasing company. Rand testified that there was no discussion as to why respondent could not simply borrow the money himself from the trust.

Respondent maintained there were two separate notes on two separate transactions which just happened to be for the same amount of money at the same interest rate. Respondent testified Mazzell's mother, Mrs. Mimms, contacted him because she was very unhappy the trust was earning very little interest. Respondent called Rand and suggested he borrow the $30,000 from the trust. Respondent testified that he, Rand, and Mimms had discussed the situation and Rand offered to pay 10% interest on a loan from the trust. Mimms gave her approval for the loan.

Respondent admitted that there was no legal security for the loan to Rand, but that the interest rate was higher than any interest rate they could get through other means. Prior to this transaction, the trust was earning 3–4% from certificates of deposit. The shareloan was at 8%, which had to be paid by the trust. The loan to Rand was at 10%. Therefore, the trust was earning only an additional 2%.

The Panel, by a vote of two to one, recommended dismissing this matter. The Executive Committee disagreed with the Panel majority's findings. The Executive Committee found respondent had violated the Rules of Professional Conduct.

We find respondent violated the terms of the trust and the Rules of Professional Conduct.

We find respondent violated Rule 407, SCACR, in the following particulars: Rule 8.4(d) which requires an attorney to refrain from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and Rule 413(5)(D) which prohibits an attorney from engaging in conduct tending to bring the legal profession into disrepute.

We conclude respondent's misconduct warrants a definite suspension. *In re Keitt,* 321 S.C. 373, 468 S.E.2d 875 (1996); *In re McBratney,* 320 S.C. 416, 465 S.E.2d 733 (1996). Therefore, respondent is hereby suspended from the practice of law in this State for a period of six months. We deny respondent's request to impose this suspension retroactively. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**