532 S.E.2d 879

John DOE, Alias, Petitioner,

v.

Charles M. CONDON, Attorney General for the
State of South Carolina, Respondent.

No. 25138.

Supreme Court of South Carolina.

Submitted May 23, 2000.

Decided June 5, 2000.

L. Sidney Connor, IV, of Kelaher, Connell & Connor, P.C.
of Surfside Beach, for petitioner.

Assistant Attorney General Jennifer A. Deitrick, of Colum-
bia, for respondent.

Disciplinary Counsel Henry B. Richardson, Jr., of Columbia, for amicus curiae Office of Disciplinary Counsel.

PER CURIAM:

Petitioner sought to have the Court accept this matter in its original jurisdiction to determine whether certain tasks performed by a non-attorney employee in a law firm constitute the unauthorized practice of law. Specifically, petitioner asks (1) whether it is the unauthorized practice of law for a paralegal employed by an attorney to conduct informational seminars for the general public on wills and trusts without the attorney being present; (2) whether it is the unauthorized practice of law for a paralegal employed by an attorney to meet with clients privately at the attorney's office, answer general questions about wills and trusts, and gather basic information from clients; and (3) whether a paralegal can receive compensation from the paralegal's law firm/employer through a profit-sharing arrangement based upon the volume and type of cases the paralegal handles. The Office of the Attorney General filed a return opposing the petition for original jurisdiction.

The Court invoked its original jurisdiction to determine whether the paralegal's activities constituted the unauthorized practice of law, and, pursuant to S.C.Code Ann. § 14–3–340 (1976), John W. Kittredge was appointed as referee to make findings of fact and conclusions of law concerning this matter. A hearing was held and the referee issued proposed findings and recommendations.

We adopt the referee's findings and recommendations attached to this opinion and hold that a non-lawyer employee conducting unsupervised legal presentations for the public and answering legal questions for the public or for clients of the attorney/employer engages in the unauthorized practice of law. *See State v. Despain,* 319 S.C. 317, 460 S.E.2d 576 (1995). We further hold that a proposed fee arrangement which compensates non-lawyer employees based upon the number and volume of cases the non-lawyer employee handles for an attorney violates the ethical rules against fee-splitting with non-lawyer employees. Rule 5.4 of the Rules of Professional Conduct, Rule 407, SCACR.

APPENDIX

## THE STATE OF SOUTH CAROLINA

In the Supreme Court

## IN THE ORIGINAL JURISDICTION

Of the Supreme Court

John Doe, Alias,

Petitioner,

v.

Charles M. Condon, Attorney General
for the State of South Carolina,

Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS OF THE REFEREE

This is a declaratory judgment action in the Supreme Court's original jurisdiction. The Court referred this matter to me as Referee. Petitioner, a paralegal, has submitted a generalized list of tasks he wishes to perform and has inquired whether performing them constitutes the unauthorized practice of law. Petitioner also seeks a determination of the propriety of his proposed fee splitting arrangement with his attorney-employer. Despite my repeated offers for an evidentiary hearing, neither party requested a hearing. The record before me is sufficient to address and resolve whether the activities in question constitute the unauthorized practice of law.

I find that a paralegal conducting unsupervised legal presentations for the public and answering legal questions from the audience engages in the unauthorized practice of law. Further, I find that a paralegal meeting individually with clients to answer estate planning questions engages in the unauthorized practice of law. Finally, I find the proposed fee arrangement is improper and violates the ethical prohibition against fee splitting.

## BACKGROUND

Petitioner submitted the following questions to the Court: (1) Is it the unauthorized practice of law for a paralegal employed by an attorney to conduct educational seminars for the general public, to disseminate general information about wills and trusts, including specifically a fair and balanced emphasis on living trusts, including answering general questions, without the attorney being present at the seminar as long as the seminar is sponsored by the attorney's law firm and the attorney has reviewed and approved the format, materials and presentation to be made for content, truthfulness and fairness?

(2) Is it the unauthorized practice of law for a paralegal employed by an attorney to meet with clients privately in the law office for the purpose of answering general questions about wills, trusts, including specifically living trusts, and estate planning in general, and to gather basic information from said clients for such purposes as long as it is done under the attorney's direction, and the clients have a follow-up interview and meeting with the attorney who would have primary responsibility for legal decisions?

(3) Can a paralegal receive compensation from the law firm he is employed by, through a profit-sharing arrangement, which would be based upon the volume and type of cases the paralegal handled?

## DISCUSSION

To protect the public from unsound legal advice and incompetent representation, South Carolina, like other jurisdictions, limits the practice of law to licensed attorneys. *S.C.Code Ann.* § 40-5-310 (1976). While case law provides general guidelines as to what constitutes the practice of law, courts are hesitant to define its exact boundaries. Thus, the analysis in 'practice of law' cases is necessarily fact-driven. The Supreme Court has specifically avoided addressing hypothetical situations, preferring instead to determine what constitutes the unauthorized practice of law on a case by case basis. *In Re Unauthorized Practice of Law Rules Proposed by the South Carolina Bar,* 309 S.C. 304, 422 S.E.2d 123 (S.C.1992). I find that Petitioner's proposed actions constitute the unauthorized

practice of law and that the proposed fee agreement violates the ethical prohibition against fee splitting.

Our Supreme Court has set forth a succinct standard of the proper role of paralegals:

> The activities of a paralegal do not constitute the practice of law as long as they are limited to work of a preparatory nature, such as legal research, investigation, or the composition of legal documents, which enable the licensed attorney-employer to carry a given matter to a conclusion through his own examination, approval or additional effort. *Matter of Easler*, 275 S.C. 400, 272 S.E.2d 32, 33 (S.C.1980).

While the important support function of paralegals has increased through the years, the *Easler* guidelines stand the test of time. As envisioned in *Easler*, the paralegal plays a supporting role to the supervising attorney. Here, the roles are reversed. The attorney would support the paralegal. Petitioner would play the lead role, with no meaningful attorney supervision and the attorney's presence and involvement only surfaces on the back end. Meaningful attorney supervision must be present throughout the process. The line between what is and what is not permissible conduct by a non-attorney is oftentimes "unclear" and is a potential trap for the unsuspecting client. *State v. Buyers Service Co., Inc.*, 292 S.C. 426, 357 S.E.2d 15, 17 (S.C.1987). The conduct of the paralegal contemplated here clearly crosses the line into the unauthorized practice of law. It is well settled that a paralegal may not give legal advice, consult, offer legal explanations, or make legal recommendations. *State v. Despain*, 319 S.C. 317, 460 S.E.2d 576 (S.C.1995).

## A. Educational Seminars

Petitioner intends to conduct unsupervised "wills and trusts" seminars for the public, "emphasizing" living trusts during the course of his presentation. Petitioner also plans to answer estate planning questions from the audience. I find Petitioner's proposed conduct constitutes the unauthorized practice of law.

I find, as other courts have, that the very structure of such "educational" legal seminars suggests that the presenter will actually be giving legal advice on legal matters. *See, In Re*

*Mid–America Living Trust Assoc. Inc.,* 927 S.W.2d 855 (Mo. banc 1996); *People v. Volk,* 805 P.2d 1116 (Colo.1991); *Oregon State Bar v. John H. Miller & Co.*[, 235 Or. 341] 385 P.2d 181 (Or.1963). At the very least. Petitioner will implicitly advise participants that they require estate planning services. Whether a will or trust is appropriate in any given situation is a function of legal judgment. To be sure, advising a potential client on his or her need for a living trust (or other particular estate planning instrument or device) fits squarely within the practice of law. These matters cry out for the exercise of professional judgment by a licensed attorney. Thus, in conducting these informational seminars, Petitioner would engage in the unauthorized practice of law as a non-attorney offering legal advice.

Petitioner plans to answer "general" questions during his presentation. I have reviewed the Estate Planning Summary submitted by Petitioner and his attorney-employer. This summary sets forth the subject matter to be covered by the paralegal. Petitioner would present information on, among other things, revocable trusts, irrevocable living trusts, credit shelter trusts, qualified terminable interest property trusts, charitable remainder trusts, qualified personal residence trusts, grantor retained annuity trusts, grantor retained unitrusts and charitable lead trusts. It is difficult to imagine such specific estate planning devices eliciting "general" questions or a scenario in which the exercise of legal judgment would not be involved. It is, after all, a legal seminar, apparently for the purpose of soliciting business.[1] To suggest that some "plan" would anticipate all possible questions with

---

1. While this marketing method may raise ethical implications for the attorney involved, the issue before me is whether the activities of the paralegal constitute the unauthorized practice of law. *See* Rule 7.3, Rules of Professional Conduct, 407 SCACR; *Matter of Morris,* 270 S.C. 308, 241 S.E.2d 911 (1978)(lawyer improperly solicited employment); *Matter of Craven,* 267 S.C. 33, 225 S.E.2d 861 (1976) (an attorney's knowledge that his employee is engaged in solicitation of professional employment for attorney constitutes professional misconduct); *Matter of Crosby,* 256 S.C. 325, 182 S.E.2d 289 (1971) (attorney improperly solicited business). Thus, not only does Petitioner's solicitation of legal clients raise possible ethical concerns for his sponsoring attorney, Petitioner's involvement clearly constitutes the unauthorized practice of law.

predetermined nonlegal responses is specious. And so complex is this area of law that many states, including South Carolina, have established stringent standards for an attorney to receive the designation of "specialist" in Estate Planning and Probate Law. SCACR, Part IV, Appendices D and E. This is the practice of law.

I fully recognize the prevailing popularity of 'financial planners' and others "jump[ing] on the estate planning bandwagon." (Estate Planning Summary submitted by Petitioner's attorney-employer, p. 1). This trend in no way affects the decision before the Court. This paralegal would not be presenting the estate planning seminar as a financial planner. This seminar would be conspicuously sponsored by the paralegal's attorney-employer. The attorney's law firm is prominently displayed in the brochure submitted, e.g., name, address, telephone number and "Firm Profile." In promoting the law firm and representing to the public the 'legal' nature of the seminar, neither the paralegal nor his attorney-employer can escape the prohibition against the unauthorized practice of law.

## B. Initial Client Interview

Petitioner intends to gather client information and answer general estate planning questions during his proposed "initial client interviews." While Petitioner may properly compile client information, Petitioner may not answer estate planning questions. *See Matter of Easler,* supra. Petitioner's answering legal questions would constitute the unauthorized practice of law for the reasons stated above. While the law firm in which Petitioner is employed plans to direct clients to an attorney for "follow-up" consultations, a paralegal may not give legal advice in any event. Moreover, permissible preparatory tasks must be performed while under the attorney's supervision. The proposed after the fact attorney review comes too late.

## C. Compensation

Petitioner's law firm intends to compensate him based upon the volume and types of cases he "handles." A paralegal, of

course, may not "handle" any case.[2] This fee arrangement directly violates Rule 5.4 of the Rules of Professional conduct, SCACR 407.[3] This limitation serves to "discourage the unauthorized practice of law by lay persons and to prevent a non-lawyer from acquiring a vested pecuniary interest in an attorney's disposition of a case that could possibly take preeminence over a client's best interest." *Matter of Anonymous Member of the S.C.Bar*, 295 S.C. 25, 26, 367 S.E.2d 17, 18 (S.C.1998 [1988]). This compensation proposal arrangement coupled with Petitioner's desire to market the law firm's services via the educational seminars and meet individually with clients creates a situation ripe for abuse. Indeed, the proposal by Petitioner presents the very evil Rule 5.4 was designed to avoid. Accordingly, I find Petitioner's proposed compensation plan violates both the letter and the spirit of Rule 5.4 prohibiting fee splitting with non-attorneys.

## RECOMMENDATIONS

1. Offering legal presentations for the general public constitutes the practice of law.
2. Answering estate planning questions in the context of legal seminars or in private client interviews constitutes the practice of law.
3. Fee sharing arrangements with non-attorneys based on volume and cases "handled" by a paralegal violates Rule 5.4, Rules of Professional Conduct, SCACR 407.

**RESPECTFULLY SUBMITTED.**

/s/ John W. Kittredge
　　 Referee

April 7, 2000
Greenville, SC

---

2. The suggestion that Petitioner and the law firm intend for him to "handle" cases speaks volumes about the anticipated role of Petitioner, far beyond the permissible tasks performed by paralegals.

3. Nonlawyer employees may certainly participate "in a compensation or retirement plan, even though the plan is based in whole or in part on a profit sharing arrangement." Rule 5.4(a)(3), Rules of Professional Conduct, SCACR 407.