with the Clerk of Court showing that he has complied with Rule 30 of the Rules for Lawyer Disciplinary Enforcement.

**DISBARRED.**

557 S.E.2d 655

**In the Matter of Michael R. DEDDISH, Respondent.**

**No. 25390.**

Supreme Court of South Carolina.

Submitted Oct. 30, 2001.
Decided Dec. 17, 2001.

---

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

Lewis S. Horton, of Charleston, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an agreement pursuant to Rule 21, Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of nine months, retroactive to August 10, 2001.[1] We accept the agreement. The following facts are set forth in the agreement.

## *Facts*

### I. Assisting in the Unauthorized Practice of Law Matter

Trey Carter, a non-lawyer, organized and was the sole member and sole employee of the Trey Carter Firm, LLC (The Firm). The Firm marketed estate planning and revocable living trusts in South Carolina through newspapers and printed brochures. Carter also gave seminars where he dispensed legal advice to the public.

In the Firm's advertisements and brochures and at these seminars, Carter represented that respondent was a principal in, or associated with, the Firm. Advertisements also touted the Firm as having a locally staffed office and an attorney on staff who was a member of a network of estate planning attorneys and was certified as an elder law trust attorney. Among the services offered to the Firm's clients were preparation of estate plan summaries, revocable living trusts, affidavits of trusts, pour-over trusts, durable powers of attorney, and real estate deeds. The Firm promised to provide changes to any document prepared by the Firm free of charge and unlimited consultations regarding living trust questions. The Firm also offered instructions on how to settle an estate without an attorney.

Respondent was not an employee, partner, or associate of the Firm, but worked as an independent attorney for the Firm. The Firm provided preliminary information to respondent regarding the Firm's clients. Respondent would then meet with the clients, obtain additional information, and com-

---

1. Respondent was placed on interim suspension by order of this Court dated August 10, 2001.

plete the contracted for legal documents. One-third of each client's total fee was paid to respondent by the Firm.

■ Carter's actions constituted the unauthorized practice of law. *Doe v. Condon,* 341 S.C. 22, 532 S.E.2d 879 (2000). Respondent acknowledges that his association, affiliation, and cooperation with Carter did act to assist Carter in the unauthorized practice of law. Respondent acknowledges further that his fee arrangement with Carter constituted fee splitting, which is proscribed by Rule 5.4 of the Rules of Professional Conduct, Rule 407, SCACR.

## II. Income Tax Matter

■ Respondent pled guilty to one count of willful failure to file a South Carolina tax return in violation of S.C.Code Ann. § 12–54–40(b)(6)(C) (1976). The failure to file a tax return is a serious crime as set forth in Rule 2(z), RLDE, Rule 413, SCACR.

### *Law*

■ As a result of his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(e) (when a lawyer knows that a client expects assistance not permitted by the Rules of Professional Conduct or other law, the lawyer shall consult with the client regarding the relevant limitations on the lawyer's conduct); Rule 5.4(a) (sharing fees with a non-lawyer); Rule 5.5(b) (assisting in the unauthorized practice of law); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(4) (committing a serious crime); and Rule 7(a)(5) (engaging in conduct tending to bring the courts or legal profession into disrepute).

## *Conclusion*

■ Respondent has fully acknowledged that his actions in the aforementioned matters were in violation of the Rules of Professional Conduct and the Rules for Lawyer Disciplinary Enforcement. We hereby suspend respondent from the practice of law for nine months, retroactive to August 10, 2001. Upon reinstatement to the practice of law, respondent must comply with the inducements to the clients he represented or for whom respondent prepared documents as a result of the services offered by the Firm to include, but not limited to, additional consultation and updating of documents without additional charge or fee, to the extent advertised by the Firm or represented to the clients by the Firm. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.