THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Respondent,
 v.
 James Franklin
 Clemmons, Jr., Appellant.
 
 
 

Appeal from Charleston County
 J. C. Nicholson, Jr., Circuit Court Judge

Memorandum Opinion No.  2010-MO-008
Heard March 3, 2010  Filed April 5, 2010 

REVERSED

 
 
 
 Capers
 G. Barr, III, of Barr Unger & McIntosh, of Charleston, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney
 General Harold M. Coombs, Jr., all of Columbia,  and Solicitor Scarlett Anne
 Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Appellant,
 a law school graduate who has never sat for a bar exam, was convicted in a
 bench trial of five counts of violating the 1995 version of S.C. Code Ann. §
 40-5-310,[1] which made it a felony to practice law under certain circumstances.  He
 received five concurrent sentences of three years each, suspended on service of
 five years probation and was ordered to pay restitution as a condition of
 probation.  Appellant contends that his conduct, although admittedly the
 unauthorized practice of law, did not violate the 1995 statute.  We agree and
 reverse.
FACTS
Appellant acknowledged
 drafting wills and trust instruments for the victims named in the indictments,
 and admitted that in so doing he had engaged in the unauthorized practice of
 law. 
ISSUE

 Did the
 trial court err in denying appellant's motions for a directed verdict?

ANALYSIS
Appellant was
 convicted of five violations of the 1995 version of § 40-5-310, which read:

 No
 person may practice or solicit the cause of another person in a court of this
 State unless he has been admitted and sworn as an attorney.  A person who
 violates this section is guilty of a felony and, upon conviction, must be fined
 not more than five thousand dollars or imprisoned not more than five years, or
 both.

Appellant argues
 that his conduct in drafting wills and trust instruments did not violate the
 1995 version of the statute because, he asserts, it only criminalized the
 unlawful practice of law in a courthouse setting.  We agree.
Section 40-5-310
 derives from Act No. 473 of 1721, which established trial courts outside of the
 City of Charleston.  Section XXIX of this Act provided in relevant part:

 And whereas, divers unskillful persons do often undertake
 to manage and solicit business in the courts of law and equity, to the
 unspeakable damage of the clients, occasioned by the ignorance of such
 solicitors, who are no ways qualified for that purpose, tending to the
 promoting litigiousness, and encouraging of vexatious suits: Be it therefore
 enacted by the authority aforesaid, That no person whatsoever shall
 practice or solicit the cause of any other person, in the said county or
 precinct courts, or any other court of law and equity in this Province, unless
 he hath been heretofore admitted and sworn as an attorney, by the chief justice
 and judges of the general and supreme court at Charlestown, under the penalty
 of one hundred pounds for every cause he shall so solicit, one half to his
 Majesty for the use of the public, and the other half to him or them that will
 sue for the same.

"The primary
 rule of statutory construction is to ascertain and give effect to the intent of
 the legislature."  Bryant v. State, 384 S.C. 525, 529, 683 S.E.2d
 280, 282 (2009) (internal citation omitted).  Here, both the language of the
 statute and its legislative history support appellant's argument that the 1995
 version of § 40-5-310 criminalized representation by a non-lawyer only in a
 litigation setting. 
Moreover, even if
 we were to find the statute's terms were ambiguous, the rule of lenity would
 require us to construe this penal statute strictly in appellant's favor.  Id. at 533, 683 S.E.2d at 284.  
We hold that the
 statute did not apply to appellant's conduct, and that therefore the trial
 court erred in denying appellant's motion for directed verdicts on all five
 counts. 

CONCLUSION
Appellant's convictions and
 sentences are
REVERSED.
TOAL, C.J., PLEICONES,
 BEATTY, KITTREDGE and HEARN, JJ., concur.

[1] The statute was substantially revised in 2009.  The revised statute
 criminalizes the unauthorized practice of law, as that term has been defined by
 this Court's precedents.  It appears that the drafting of trusts and wills
 would constitute the unauthorized practice of law.  See Doe v. Condon,
 341 S.C. 22, 532 S.E. 2d 879 (2000).