## 20546

In the Matter of James Edwin McDONALD, II, of Columbia, South Carolina, Respondent.

(239 S. E. (2d) 83)

*Daniel R. McLeod, Atty. Gen., A. Camden Lewis, Richard B. Kale, Jr., George C. Beighley* and *Perry M. Buckner, Asst. Attys. Gen.,* of Columbia, *for Complainant.*

*Herman F. Richardson, Jr.,* and *Holcombe H. Thomas, Jr.,* of Columbia, *for Respondent.*

November 17, 1977.

NESS, Justice:

This is a disciplinary proceeding resulting in respondent's disbarment.

In January of 1977, respondent, a duly licensed attorney in the State of South Carolina, pled guilty to two separate incidents involving lewd and lascivious conduct with chil-

dren, five and eight years old. He was sentenced to five years imprisonment, suspended upon the service of six months.

Subsequently, a complaint was lodged against respondent by the Board of Commissioners on Grievances and Discipline, alleging professional misconduct in that he had committed crimes involving moral turpitude. Respondent generally admitted the allegations of the complaint, but prayed that the Court would accept a tender of resignation. However, we believe respondent's admitted misconduct warrants permanent disbarment.

Accordingly, the respondent, James E. McDonald, II, is hereby disbarred from the practice of law in this State. He shall within five (5) days of the service of this order upon him surrender his certificate of admission to practice law to the Clerk of Court for cancellation.

LITTLEJOHN and RHODES, JJ., concur.

LEWIS, C. J., and GREGORY, J., dissent.

GREGORY, Justice (dissenting) :

I would impose the sanction recommended by the Board of Commissioners on Grievances and Discipline; that the resignation of the respondent, tendered before the hearings, be permanently accepted.

Respondent was admitted to the Bar in November 1975 and several months later began the practice of law. The incidents which precipitated these proceedings occurred almost immediately thereafter in March 1976 and arose out of his hobby of photography; not from the breach, by either omission or commission, of an attorney-client relationship.

Respondent was placed under the care of a psychiatrist and is now receiving counsel and treatment from a psychologist.

Upon proper petition by the Board this Court temporarily suspended respondent's license pending final adjudication of these proceedings. Respondent practiced but briefly.

The majority opinion mandates permanent disbarment as the appropriate sanction to irrevocably separate respondent from the Roll of Attorneys licensed to practice in this State.

I would follow the recommendation of the Board and accept respondent's request for permission to permanently resign and reach the same result.

LEWIS, C. J., concurs.