22367

In the Matter of Willis R. BROWN.
(334 S. E. (2d) 281)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Ruby B. McClain, Asst. Atty. Gen.,* Columbia, *for complainant.*

*L. Henry McKellar* and *Stanley H. McGuffin,* Columbia, *for respondent.*

*John H. Lumpkin, Sr.,* Columbia, *Guardian Ad Litem.*

Heard July 12, 1985.

Decided Aug. 29, 1985.

*Per Curiam:*

This grievance proceeding charges Willis R. Brown with serious misconduct arising out of his conviction of criminal charges in the United States District Court for the Middle District of Georgia. He was temporarily suspended from the

practice of law by order of the Chief Justice dated April 4, 1984. The hearing panel and a majority of the Executive Committee recommended a two year suspension with credit for the period of temporary suspension. We agree that is the appropriate sanction.

Respondent was admitted to practice in 1977. Shortly thereafter, he moved to Georgia and accepted employment as Executive Director of the Albany Urban League, where he was responsible for the implementation of numerous federally-funded programs. In 1982, he resigned his position with the Albany Urban League during an investigation into the alleged misappropriation of federal funds.

Respondent returned to South Carolina and obtained employment with the South Carolina National Bank legal department. He fully disclosed to his employers that he was the subject of a criminal investigation in Georgia arising out of his employment with the Urban League.

Approximately one year later, respondent was indicted on seventeen counts of obtaining goods under false pretenses and misappropriation of public funds. He initially pleaded not guilty, but later pleaded guilty to two counts and served approximately four months in federal prison.

It is undisputed that respondent received no money nor any personal gain as a result of the transactions which led to the charges against him. In his position with the Urban League respondent signed vouchers which were submitted to the various federal programs seeking funding disbursements. The vouchers were prepared by subordinate employees. The gist of the offenses was that funds were used to pay program costs of the Urban League which were not properly paid by the particular federal grant. However, all funds were used in Urban League programs.

The conviction of a serious crime is misconduct which clearly warrants disciplinary action under paragraph 5(C) of the Rule on Disciplinary Procedure. In choosing the appropriate sanction, the Court may consider circumstances in mitigation. *Matter of Rivers*, 331 S. E. (2d) 332 (S. C. 1984). This Court has considered respondent's background as related by the numerous witnesses who testified at the panel hearing and the absence of personal gain in connection with the offenses. In addition, respondent was represented in

these disciplinary proceedings by several of his former colleagues from the legal department at the South Carolina National Bank. It appears that SCN is willing, and anxious, to re-employ respondent in a legal position despite this disciplinary proceeding and the matters which led to it. This vote of confidence by lawyers who have first-hand knowledge of the respondent's integrity, character and skill in the law is especially persuasive to this Court. We are also impressed by respondent's honesty and sincerity during this proceeding.

It is ordered that respondent is temporarily suspended from the practice of law for two years, retroactive to April 4, 1984. Re-admission to practice may be sought pursuant to paragraphs 37 and 38 of the Rule on Disciplinary Procedure.