22546

In the Matter of Rodney McDowell SPROTT.

(343 S. E. (2d) 448)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*M. M. Weinberg, Jr.,* of *Weinberg, Brown & McDougall,* and *Harry C. Wilson, Jr.,* of *Lee, Wilson, Erter & Booth,* Sumter, *for respondent.*

*J. M. Sprott,* Sumter, *Guardian ad Litem.*

Heard Feb. 11, 1986.

Decided May 5, 1986.

*Per Curiam:*

Respondent Rodney M. Sprott pled guilty to indictments charging him with criminal sexual conduct with a minor and contributing to the delinquency of a minor. Thereafter, this attorney grievance proceeding was commenced. The Hearing Panel unanimously recommended that Respondent be indefinitely suspended. The Executive Committee disagreed, and by a 3-2 vote, recommended that Respondent be disbarred. We agree with the Hearing Panel, adopting its report in pertinent part as the order of this Court.

Respondent was admitted to practice before the Supreme Court of South Carolina in November, 1978. Upon being admitted to practice, he became employed with the Sumter firm of Weinberg, Brown & McDougall, where he practiced until his temporary suspension.

Respondent pled guilty to two indictments on May 23, 1985. The first indictment charged respondent with sexual conduct with a minor (second degree), contributing to the delinquency of a minor and a lewd act upon a child, a 13 year old male. The second indictment charged Respondent with contributing to the delinquency of a minor, a 16 year old male.

On the first indictment he was sentenced for a period of 10 years, and was fined $6,000.00. The sentence was suspended upon the service of one year and the payment of a $3,000.00 fine, plus costs, with a period of intensive probation for a period of five years. A special condition of the imposition of that sentence was that the Respondent was required to deposit with the Clerk of Court for Sumter County the amount of $4,000.00, to be held by the Clerk for a period of up to five years and invested in an interest-bearing account, the fund to be available to the victims and their families for psychiatric or psychological evaluations which they might deem appropriate. The sentence on the second indictment was for a period of three years, suspended upon the service of one year and five years probation, with the same condition of restitution. Respondent began service of his sentence the next day, on May 24, 1985.

Respondent, who was 31 years old at the time of the offenses to which he pled guilty, is now 32 years of age. It appears that he is now serving his sentence at the Sumter County Correctional Facility. He graduated from Sumter High School in 1971, with honors, from Clemson University in 1975, with honors, with a Bachelor of Arts in Political Science, and from the University of South Carolina School of Law in 1978, with a juris doctor degree. While at Clemson University, he engaged in a number of extracurricular activities, was a member of the Student Senate, and a candidate for student body President.

Professionally, he is a member of the Sumter County Bar Association, the South Carolina Bar, the American Bar Association and the Sumter County Estate Planning Council. He is a member of the Sumter Rotary Club, the Board of the Sumter County Council on Aging, and numerous other civic activities. He is an active member of the Trinity United Methodist Church in Sumter, and has been Scout Master of

Troop 336 affiliated with that church for the Boy Scouts of America since 1978. The work done by Respondent with the Boy Scouts is exemplified by the fact that Respondent, who was an Eagle Scout himself, was able to assist eight scouts in his troop in making Eagle Scout during the years 1983-84.

The Complainant's case was based solely on certified copies of the indictments. Respondent then presented witnesses and evidence in mitigation. Witnesses appearing on behalf of Respondent included William A. King, M.D., a psychiatrist, who has been treating Respondent since his incarceration; Ramon Schwartz, the Speaker of the House of Representatives, who is personally acquainted with Respondent and who testified as a character witness; Jacob H. Jennings, Esquire, the immediate past-President of the South Carolina Bar, who is also personally acquainted with the Respondent and who appeared as a character witness; Thomas L. Bultman, Esquire, an Assistant Solicitor for the Third Judicial Circuit, who was involved in the investigation of the charges on behalf of the Solicitor for the Third Judicial Circuit; Jerry A. Hyatt, the Director of the Sumter County Correctional Facility, who testified to Respondent's conduct since his incarceration; and Reuben B. Marlowe, the pastor of Trinity United Methodist Church in Sumter, who testified as a character witness. In addition, Respondent testified himself and presented an Affidavit from Wade S. Kolb, Jr., Esquire, the Solicitor of the Third Judicial Circuit.

Dr. King testified that his psychiatric evaluation of Respondent showed no evidence of psychosis, neurosis, or any sociopathic disorder. It was his opinion that Respondent suffered from pedophilia. He defined a pedophile as someone who has sexual desires toward children. Although this disorder may take the form of homosexual desires, as it did with Respondent, it may also involve desires which are heterosexual in nature. He defined this disorder as a treatable but incurable psychiatric condition.

Based upon evidence that Respondent had never been involved in any other incidents of this type in spite of his continued involvement with the youth of the community, his immediate admission of guilt following his arrest, the candor he exhibited in his interviews with Dr. King, and the fact that he was handling his incarceration in admirable

fashion, that Dr. King was of the opinion these incidents represented an isolated event which was not likely to be repeated. He stated that it was his opinion that Respondent could redirect his sexual energies toward the opposite sex in a more appropriate fashion. He did qualify his opinion by the statement that Respondent had to be cautious to neither become intimately involved with young boys nor form close personal friendships with them, because such a situation would be "... a temptation in a sense."

Mr. Bultman testified that he was personally acquainted with Respondent, that Respondent had immediately admitted his guilt after his arrest and that he had cooperated fully in his investigation. Mr. Hyatt testified that Respondent has taken on considerable responsibility at the Sumter County Correctional Facility and has been most helpful to him in his capacity as Director of that facility. The character witnesses, including Messrs. Kolb, Schwartz, Jennings and Bultman, testified that they were unaware of any previous wrongdoing on the part of Respondent, that Respondent has enjoyed a reputation for honesty and integrity since beginning the practice of law, and that they believed that at some point in the future, as determined by the Supreme Court, Respondent could again practice law with the confidence and respect of the public and other members of the bar.

Particularly impressive was the testimony of The Reverend Marlowe, who testified as to his knowledge of Respondent's involvement both with his church and with the Boy Scouts. He testified that to his knowledge, there had never been any complaint made to him by any member of his congregation or by the parents of the members of the Boy Scout troop in which Respondent acts as Scout Master. Reverend Marlowe's testimony, which duplicated that of the other character witnesses, was that the Sumter County community viewed the incident in question as a aberration, and that the community was very supportive of Respondent. Reverend Marlowe testified that as a father, he would not have any hesitation whatsoever about his son being in a Boy Scout troop in which the Respondent was the Scout Master.

Needless to say, the evidence adduced at the hearing was not all one-sided. We are concerned over the fact that the

disorder from which Respondent suffers was characterized by his treating physician as incurable, although treatable. Respondent has pleaded guilty to criminal conduct. The two minors involved were brothers and apparently were the children of some neighbors of Respondent in Sumter. Incalculable damage has, no doubt, been done to the minors in question.

Complainant has called our attention to this Court's decision in the case of *In the Matter of McDonald*, 269 S. C. 598, 239 S. E. (2d) 83 (1977), in which an attorney had pled guilty to two separate incidents involving lewd and lascivious conduct with minor children, and was sentenced to five years imprisonment, suspended upon the service of six months. Respondent in that case admitted the allegations of the Complaint but prayed that the court accept a tender of permanent resignation. In spite of that plea, in a three-to-two decision, this Court disbarred Respondent from the practice of law.

We are not unmindful of the similarity between the offenses involved in *In the Matter of McDonald* and those involved in the instant case. However, *McDonald* does not mandate disbarrment. We must also consider the evidence presented by Respondent as to the mitigating circumstances in this case.

In considering an appropriate sanction, we are particularly impressed by the vote of confidence given Respondent by lawyers who have firsthand knowledge of his integrity, character, skill, and standing in the community, and have given particularly persuasive weight to that testimony. *In the Matter of Brown*, 286 S. C. 454, 334 S. E. (2d) 281 (1985). Our conclusion is best summarized by the following language from *In re Rushton*, 286 S. C. 543, 335 S. E. (2d) 238 (1985):

> We do not discount the possibility that at some future date he may be able to conquer his problems and return to the practice of law. Until that time he should not be permitted to hold himself out to the public as a practicing lawyer. Disbarment would eliminate the possibility of his ever returning to the law. Under indefinite suspension, he may at some future date be able to prove

himself worthy of returning to the practice of law. 286 S. C. 543, 335 S. E. (2d) at 240-41.

It is, therefore, ordered that the Respondent, be, and he is hereby, indefinitely suspended from the practice of law in this State. He shall within fifteen (15) days of notice of this Order surrender his Certificate of Practice to the Clerk of this Court and shall otherwise comply with Rule 30 of the Rules on Disciplinary Procedure.

FINNEY, J., not participating.

NESS, Chief Justice (dissenting):

The majority has imposed an inadequate sanction. Respondent should be disbarred.

There is no more serious duty imposed upon this Court than proper discipline of attorneys who are guilty of misconduct. The quality of justice administered in our state depends largely upon the character and integrity of persons whom this Court has judged to be morally fit to practice law.

Respondent has sexually assaulted two teenage boys. His conduct was morally reprehensible and illegal. The evidence is undisputed, and the majority concedes, that respondent's desire to have sex with children is *incurable*, and will plague him for the rest of his life. Respondent should be permanently disbarred to protect the public from the possibility, however remote, that he may someday be allowed to serve as an officer of the Court.

The majority's distinction of *Matter of McDonald*, 269 S. C. 598, 239 S. E. (2d) 83 (1977) is illogical. It is difficult to imagine conduct which requires a more serious sanction than sexual assault of children.

I would disbar.