23614

In the Matter of Barry William BELLINO, Respondent.

(417 S.E. (2d) 535)

Supreme Court

*Atty. Gen. T. Travis Medlock,* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Thomas E. McCutchen* and *Creighton B. Coleman,* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for respondent.*

Heard Jan. 20, 1992.

Decided March 30, 1992.

*Per Curiam:*

This is an attorney grievance matter. In a General Court-martial, respondent Barry William Bellino, who was, at the time, a captain in the Marine Corps and licensed to practice law in South Carolina, pled guilty to violations of the Uniform Code of Military Justice. Thereafter, on March 5, 1991, the Attorney General filed a complaint before the Board of Commissioners on Grievances and Discipline, alleging that Mr. Bellino is guilty of professional misconduct in that he has been convicted of serious crimes and "has also engaged in conduct tending to bring the legal profession into disrepute, and reflecting adversely upon his fitness to practice law." *See* Rule 413(2)(P), SCACR (defining "Serious Crime"), and Rule 413(5)(D) (defining misconduct as "[c]onduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating unfitness to practice law").

Mr. Bellino was temporarily suspended from the practice of law on August 25, 1989, and he has remained under suspension since then. After a hearing, the Panel found him guilty of professional misconduct, essentially as alleged, and recommended that he be publicly reprimanded. The Executive Committee unanimously affirmed the findings and conclusions of the Panel but recommended that Mr. Bellino be suspended for an additional six months from the date an opinion is issued by this Court and that he "be required to retake the Professional Responsibility Exam."

No lengthy recital of the facts is necessary. The facts underlying two of the charges are sufficient for our purposes. Both charges involved women who consulted Mr. Bellino seeking legal advice. One of the women wanted a divorce. The other was in particularly dire straits. She was a Marine corporal accused of being a homosexual.

The military judge spoke in the stilted vernacular universal to the military. In connection with Mr. Bellino's guilty plea to one of the charges, the military judge asked him: "Did you in fact on the 11th of July of this year in the Legal Assistance Office, Family Service Center, Building 707, Marine Corps Air Station, Beaufort, South Carolina, do bodily harm to a Mrs. [Jane Doe]?" Mr. Bellino answered, "Yes, sir." The military judge then asked, "Did you do so by grabbing her shoulders, pulling her toward you, kissing her on the mouth and then

putting your right hand on her breast and rubbing her arm while acting as her attorney in a legal assistance matter?" Again, Mr. Bellino answered, "Yes, sir."

In connection with Mr. Bellino's guilty plea to the other charge, the military judge asked him: "Now, did you in fact on the 18th of August of this year, at the Joint Law Center, at Building 601, Marine Corps Air Station, Beaufort, do bodily harm to Corporal [Jane Roe], U.S. Marine Corps, while she was wearing a Marine Corps camouflage utility uniform?" Mr. Bellino answered, "Yes, sir." The military judge inquired further, "And did you do this while you were acting as her defense attorney?" Mr. Bellino answered, "Yes, sir." In response to further inquiry, he answered, "I invited her to have a drink with me, closing my office door, massaging her neck for a period of five seconds or so, her shoulder area, and taking her hands and pulling her out of the chair toward me, then, saying, 'You'll be a civilian in two weeks.' " The military judge then asked, "And, when you pulled her out of the chair, was this in an effort to kiss her?" Again, Mr. Bellino answered, "Yes, sir."

With reference to both charges, Mr. Bellino admitted to the military judge that he acted "with unlawful force or violence," that his acts were "indecent and that they amounted to the taking of indecent liberties," and that he acted "without the victim's consent, against her will and with the specific intent to gratify [his] lust or sexual desires." The military court sentenced Mr. Bellino a term of confinement, forfeiture of pay and dismissal from the Marine Corps.

This case is not about sex or sex abuse. It is about power—the awesome power that comes with the license to practice law—and the abuse thereof. A certain amount of courage is required for a person to make romantic overtures to another person. The fear of rejection is legitimate, and the pain of rejection is real. Some people find ways to cheat and, thereby, avoid the possibility of rejection. One way is by the use of a prostitute. Another and even more reprehensible way is by taking advantage of a weaker person, a person either physically weaker or, as the result of circumstances, less able to say no. This is precisely what Mr. Bellino did. He took advantage of his superior position as an officer in the Marine Corps and as a lawyer. It would be difficult to imagine anyone more vul-

nerable or more subject to the control of another than the women on whom Mr. Bellino forced himself. Quite obviously, his conduct was not courageous. Unsurprisingly, the military court found him unfit to be a Marine. More importantly for our purposes, his conduct constituted an abuse of the power he possessed because he was a lawyer.

Mr. Bellino argues that he was not treated fairly by the military court or in the grievance proceeding and that his conduct did not constitute "serious crimes." His arguments are beside the point. He admitted the facts underlying the charges. We need not decide the seriousness of his conduct under the criminal law. What Mr. Bellino did constituted serious professional misconduct because of the circumstances under which he did it. The events in question took place in two separate law offices where the women had come seeking his legal services. At the very least, he was guilty of professional misconduct as defined by Rule 413(5)(D), SCACR.

His other arguments are equally without merit.

The Marine Corps took the matter seriously. So do we. Just as the Marine Corps expects better of its Marines, we expect better of our lawyers. Two sanctions are recommended: by the Panel, a public reprimand and, by the Executive Committee, suspension for an additional six months, with the added requirement of taking, and presumably passing, the Professional Responsibility Examination. We choose the harsher of the two recommended sanctions. The military court ordered Mr. Bellino expelled from the Marine Corps. The least we can do is order him suspended from the Bar.

Accordingly, it is ordered that Mr. Bellino is suspended from the practice of law for six months, in addition to the approximately thirty-one months he has already been suspended, and it is further ordered that he is required to take, and pass, the Professional Responsibility Examination. In addition, the Committee on Character and Fitness must determine that his character and fitness qualifies him for the practice of law.

Definite suspension.