480 S.E.2d 722

**In the Matter of J. Leon PARROTT, Respondent.**

**No. 24568.**

Supreme Court of South Carolina.

Heard Dec. 4, 1996.

Decided Jan. 27, 1997.

George M. Hearn, Jr., and Thomas C. Brittain, of Hearn, Brittain & Martin, Conway, for respondent.

Charles Molony Condon, Attorney General, and J. Emory Smith, Jr., Assistant Deputy Attorney General, Columbia, for complainant.

PER CURIAM:

In this attorney discipline matter, Respondent Parrott has admitted misconduct. The only issue before this Court is the appropriate sanction. After reviewing the record in this case, we hereby suspend Respondent from the practice of law for a period of four months.

On May 11, 1994, Respondent pulled down a woman's bathing suit while she was sunbathing at or near Surfside Beach. He entered a plea pursuant to *North Carolina v. Alford*[1] to simple assault and battery in relation to this conduct on November 29, 1994.[2] Respondent was sentenced to a $200 fine or thirty days imprisonment, and has satisfied this sentence. In October 1989, Respondent tried to pull off another woman's bikini bottom while she was sunbathing at or near North Myrtle Beach. He was not prosecuted for this offense. Respondent covered his face during both incidents and retreated when the women put up a struggle. He had no prior connection with either woman.

While he initially denied all allegations in the complaint, Respondent later amended his answer to admit both incidents described above. He also admits this conduct violated the Rules of Professional Conduct. In mitigation, Respondent offered the testimony of Dr. James Thrasher, a psychiatrist

---

1. 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. The complaint came about as the result of the Board's notice of this plea.

who testified Respondent was suffering from an "adjustment disorder with mixed emotions and problems with conduct." According to Dr. Thrasher, a "psychosexual developmental arrest" caused these assaults. In his opinion, Respondent was developmentally arrested at the adolescent stage, and his acts showed the type of sexually immature behavior normally associated with that stage. He felt Respondent's developmental problems occurred because of family problems when Respondent was growing up. He opined that there was no medical reason Respondent could not practice law, and he felt that the acts would not recur. Respondent was responding very well to treatment and counselling. At the time of the panel hearing, Respondent was still seeing Dr. Thrasher. Since that time his therapy has been concluded upon Dr. Thrasher's recommendation. Respondent also offered testimony from a fellow legal colleague and his minister. Both testified to Respondent's good standing, both in the legal and general community.

The panel found Respondent's acts constituted misconduct.[3] They unanimously recommended a public reprimand with the condition that Respondent continue to receive counselling for as long as Dr. Thrasher deemed necessary. The Board adopted the panel's findings of fact and conclusions of law. They voted five to one to recommend a public reprimand with the same conditions. The dissenting member voted to recommend a ninety-day suspension with conditions.

This court has the ultimate authority to discipline attorneys and can draw its own conclusions from the facts presented. *Matter of Dobson*, 310 S.C. 422, 427 S.E.2d 166 (1993). We agree with the panel and Board that Respondent has committed a criminal act reflecting adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer. Rule 8.4(b), Rule 407, SCACR. We also find he has engaged in conduct involving moral turpitude. Rule 8.4(c), Rule 407,

3. Specifically, they found Respondent committed criminal acts adversely reflecting on a lawyer's honesty, trustworthiness and fitness; and violated one or more of the provisions in Rule 8.4, Rule 407, SCACR and DR 1–102. The Code of Professional Responsibility was in effect in October 1989 when the first assault occurred and would be applicable to this conduct. It was replaced in September of 1990 by the Rules of Professional Conduct.

SCACR; DR 1–102(A)(3), Code of Professional Responsibility (repealed). *See also State v. Ball,* 292 S.C. 71, 354 S.E.2d 906 (1987), *overruled on other grounds, State v. Major,* 301 S.C. 181, 391 S.E.2d 235 (1990) ("A crime of moral turpitude is an act of baseness, vileness or depravity in the private and social duties which man owes to his fellow man or to society in general, contrary to the customary and accepted rule of right and duty between man."); *State v. Hall,* 306 S.C. 293, 411 S.E.2d 441 (Ct.App.1991) (suggesting that whether simple assault and battery involves moral turpitude should be decided on a case by case basis). *State v. Holmes,* 320 S.C. 259, 464 S.E.2d 334 (1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2507, 135 L.Ed.2d 197 (1996) (violation of "Peeping Tom"[4] statute crime of moral turpitude). Such conduct can only bring the legal profession into disrepute. *See* Rule 413(5)(D), SCACR; ¶ 5(D), Rule on Disciplinary Procedure (former).

This court has dealt with several cases involving sexual misconduct of attorneys and judges. Usually the misconduct occurs when an attorney has a sexual relationship with a client, or a judge has a sexual relationship with a party appearing before him or her. *See, e.g., Matter of Bilbro,* 324 S.C. 132, 478 S.E.2d 253 (1996) (six month suspension); *Matter of Gravely,* —— S.C. ——, 467 S.E.2d 924 (1996) (public reprimand); *Matter of Mendenhall,* 316 S.C. 196, 447 S.E.2d 858 (1994) (disbarment); *Matter of Keitt,* —— S.C. ——, 468 S.E.2d 875 (1996) (ninety day suspension); *Matter of McBratney,* 320 S.C. 416, 465 S.E.2d 733 (1996) (ninety day suspension); *Matter of McDow,* 291 S.C. 468, 354 S.E.2d 383 (1987) (public reprimand). However, we have suspended attorneys for nonconsensual sexual misconduct. *See In re Bellino,* 308 S.C. 130, 417 S.E.2d 535 (1992) (six month suspension imposed for taking indecent liberties with clients); *Matter of Sprott,* 288 S.C. 457, 343 S.E.2d 448 (1986) (indefinite suspension imposed when attorney convicted of CSC with minor and contributing to delinquency of minor).

We find a temporary suspension is within the range of sanctions imposed for conduct similar in nature to that in this case. In finding so we take into consideration Respondent's willingness to admit his misconduct and his mitigating testimo-

---

4. S.C.Code Ann. § 16–17–470 (Supp.1995).

166

ny showing he is attempting to correct whatever caused him to act in such a reprehensible manner. We are also mindful of Respondent's otherwise favorable reputation. However, none of .this excuses the conduct before us today. Respondent is hereby suspended from the practice of law for a period of four months. Respondent shall file an affidavit with the Clerk of Court, within ten (10) days of service of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

