492 S.E.2d 788

**In the Matter of Thomas M. RICHARDSON, Jr., Respondent.**

No. 24705.

Supreme Court of South Carolina.

Heard July 8, 1997.

Decided Oct. 27, 1997.

Attorney General Charles M. Condon, Assistant Deputy Attorney General J. Emory Smith, Jr., Columbia, for Complainant.

John P. Freeman, Columbia, for Respondent.

PER CURIAM:

In this attorney grievance matter, we impose on Thomas M. Richardson ("Attorney") an indefinite suspension from the practice of law.

*Facts*

In December 1994, Attorney approached a 13 year-old girl in a Wal–Mart store in Florence. The girl had gone to Wal–

Mart with her mother, but they had separated and had moved to different parts of the store. While apart from her mother, the girl observed Attorney following her through the various aisles. At first, she thought it was coincidence. She stopped in one aisle to look at some merchandise. While there, she again made eye contact with Attorney. Attorney then came behind her, grabbed her on the buttocks, and made a remark to her, threatening sexual conduct. The girl did not respond, and Attorney walked off. The girl, who had become visibly upset, informed her mother what had happened. Security personnel were called, but Attorney could not be found as he had already left the area. As a result of the incident, the girl suffered substantial emotional trauma and had to undergo psychological counseling.

In October 1995, Attorney entered the same Wal–Mart store. Security personnel observed that he was sweating profusely and exposing himself while pushing a shopping cart through the store. He was arrested for indecent exposure. As a result of the media attention, the girl in the December 1994 incident identified Attorney. Attorney was indicted for committing a lewd act upon a minor and for indecent exposure. He pled guilty to assault and battery of a high and aggravated nature and to indecent exposure. He was sentenced to ten years and to three years imprisonment, respectively, to run consecutively. Both sentences were suspended with concurrent probation for five years. Further, the probation order required that he register as a sex offender and have no contact with children.[1]

In May 1996, a disciplinary complaint was filed against Attorney. In his answer, he admitted all factual allegations. Due to Attorney's criminal conviction, this Court temporarily suspended him. In September 1996, the Court denied his conditional admission for no more than a two-year suspension, retroactive.

A hearing was held before the Panel in November 1996. Attorney testified that he had exposed himself at the Wal–Mart on six to eight occasions, but there had been no reports of these incidents, nor had charges been filed for these acts.

---

1. In May 1997, Attorney's probation was terminated.

Based on the submitted evidence, the Panel concluded that Attorney had breached the following Rules of Professional Conduct: *Rule 407:* Rule 8.4(b) (criminal acts that reflect adversely on his honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (conduct involving moral turpitude); Rule 8.4(e) (conduct that is prejudicial to the administration of justice); Rule 8.4(a) (violated Rules of Professional Conduct); *Rule 413:* Parag. 5(C) (conviction for a serious crime); Parag. 5(D) (conduct tending to pollute the administration of justice or demonstrating unfitness to practice law); Parag. 5(A) (violated the Oath of Office taken upon admission to the practice of law).

The Panel's report recommended that a definite suspension for two years be imposed upon Attorney. The Interim Review Committee reviewed the matter, voting to adopt the Panel's findings of fact and conclusions of law. Three members of the Committee voted to adopt the recommendation for a two-year suspension; however, they strongly recommended that the suspension not be made retroactive to the date of Attorney's temporary suspension. One Committee member voted for indefinite suspension; one member voted for disbarment.

## *Sanction*

The factual allegations in this matter have been fully admitted, so the sole issue before the Court is the sanction to be imposed upon Attorney. This Court has on a number of occasions faced disciplinary matters involving sexual misconduct by attorneys. *See In re Parrott,* 325 S.C. 162, 480 S.E.2d 722 (1997) (attorney suspended for four months for pulling down, on two occasions, women's bathing suits while they were sunbathing at the beach); *In re Bilbro,* 324 S.C. 132, 478 S.E.2d 253 (1996) (attorney suspended for six months, for, *inter alia,* engaging in sexual relations with client on two occasions); *In re Keitt,* 321 S.C. 373, 468 S.E.2d 875 (1996) (attorney suspended for 90 days for engaging in sexual relationship with a client and subsequently making false statements to a family court judge when questioned about that relationship); *In re McBratney,* 320 S.C. 416, 465 S.E.2d 733 (1996) (attorney suspended for 90 days for engaging in adulterous relationship with client, while representing her in divorce proceedings, and for dispensing a controlled substance

to her); *In re Bellino*, 308 S.C. 130, 417 S.E.2d 535 (1992) (attorney suspended for six months for kissing and touching female clients); *In re McDow*, 291 S.C. 468, 354 S.E.2d 383 (1987) (attorney publicly reprimanded for engaging in adulterous relationship with client who was involved in divorce proceedings).

The cases that are arguably most analogous to the present one are *In re McDonald*, 269 S.C. 598, 239 S.E.2d 83 (1977) and *In re Sprott*, 288 S.C. 457, 343 S.E.2d 448 (1986). In *In re McDonald*, attorney was disbarred after he pled guilty to two separate incidents involving lewd and lascivious conduct with children, five and eight years old. In *In re Sprott*, the attorney was convicted for sexual conduct with a minor (second degree), contributing to the delinquency of a minor and a lewd act upon a child, a 13 year-old male. He was additionally found to have contributed to the delinquency of a minor, a 16 year-old male. Sprott presented a significant amount of evidence in mitigation; however, his doctor's opinion was that Sprott suffered from pedophilia, which the doctor characterized as an incurable, but treatable, disorder. We indefinitely suspended Sprott.

Richardson's actions were not as egregious as those in *Sprott*; nevertheless, they were extremely serious, particularly since one of the acts was inflicted upon a child, whose life (and that of her family) has been possibly permanently affected. The girl's parents testified at Attorney's guilty plea hearing, that one year and a half after the incident, their daughter was still suffering devastating emotional effects of the incident.

We conclude that the appropriate sanction in this case is an indefinite suspension from the practice of law. The commencement point for this suspension will be the date Attorney was temporarily suspended. Attorney shall file, within fifteen (15) days of this opinion, an affidavit with the clerk of this Court stating he has complied with Paragraph 30 of Rule 413, S.C.A.C.R.

**INDEFINITE SUSPENSION.**