584 S.E.2d 119

**In the Matter of Barry W. BELLINO, Respondent.**

Supreme Court of South Carolina.

July 22, 2003.

## ORDER

On May 7, 2003, an arrest warrant was signed charging respondent with simple assault and battery for allegedly committing inappropriate acts against a client who had come to his office seeking assistance with a divorce. Respondent has been suspended from the practice of law in the past based on similar behavior. *In the Matter of Bellino,* 308 S.C. 130, 417 S.E.2d 535 (1992).

Based on the incident which led to the arrest warrant and another similar incident set forth in an affidavit provided by another client who sought respondent's assistance with a legal matter, the Office of Disciplinary Counsel has filed a petition asking the Court to place respondent on interim suspension pursuant to Rule 17(b), RLDE, Rule 413, SCACR, because he poses a substantial threat of serious harm to the public or the administration of justice. The petition also seeks appointment of an attorney to protect the interests of respondent's clients pursuant to Rule 31, RLDE, Rule 413, SCACR.

IT IS ORDERED that the petition is granted and respondent is suspended, pursuant to Rule 17(b), RLDE, Rule 413, SCACR, from the practice of law in this State until further order of this Court.

IT IS FURTHER ORDERED that Patrick M. Higgins, Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Mr. Higgins shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Higgins may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating accounts of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institu-

tion that Patrick M. Higgins, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that Patrick M. Higgins, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Higgins' office.

This appointment shall be for a period of no longer than nine months unless request is made to this Court for an extension.

IT IS SO ORDERED.

/s/ JEAN H. TOAL, C.J.
FOR THE COURT