613 S.E.2d 369

**In the Matter of Barry W. BELLINO, Respondent.**

**No. 25979.**

Supreme Court of South Carolina.

Submitted March 25, 2005.

Decided May 9, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Barry W. Bellino, of Pensacola, FL, pro se.

314

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an indefinite suspension as provided by Rule 7(b)(2), RLDE, Rule 413, SCACR. We accept the agreement and indefinitely suspend respondent from the practice of law in this state.

The facts, as set forth in the agreement, are as follows.

## FACTS

On several occasions over the course of several years, respondent made or attempted to make social contacts with females who were clients or prospective clients. Under the circumstances and/or conditions,[1] the social contacts were inappropriate for attorneys and clients and constituted misconduct. Respondent does not admit the contacts were either illegal or immoral, but he does agree the social contacts constituted misconduct in violation of the Rules of Professional Conduct, Rule 407, SCACR, and that the social contacts constitute grounds for discipline under Rule 7(a)(1) and (5), RLDE, Rule 413, SCACR.

This Court has previously sanctioned respondent for misconduct involving female clients. In *In the Matter of Bellino*, 308 S.C. 130, 417 S.E.2d 535 (1992), respondent admitted that on two occasions he used unlawful or violent force against female clients with the specific intent to gratify his lust or sexual desires. Respondent was convicted of criminal charges, sentenced to a period of confinement, forfeited pay, and was dismissed from the Marine Corps. The Court imposed a six month suspension, in addition to the thirty-one month interim suspension, and required respondent to take and pass the Multistate Professional Responsibility Examination before applying for readmission. As specified in the order placing him on his current interim suspension, respondent's interim suspension stems from similar behavior with

---

1. No description of the social contacts or attempted social contacts is provided in the Agreement.

female clients. *In the Matter of Bellino*, 355 S.C. 82, 584 S.E.2d 119 (2003).

## *LAW*

Respondent agrees his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.7 (addressing conflicts of interest); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(c) (lawyer shall not engage in conduct involving moral turpitude); and 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. We deny respondent's request to make the indefinite suspension retroactive to July 22, 2003, the date he was placed on interim suspension. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.