804 S.E.2d 852

**In the MATTER OF Jacob Leon PARROTT, Respondent.**

**Appellate Case No. 2017-001451**
**Opinion No. 27736**

Supreme Court of South Carolina.

Submitted August 25, 2017

Filed September 14, 2017

106

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jacob Leon Parrott, of Myrtle Beach, Pro Se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to discipline ranging from a public reprimand to a definite suspension not to exceed nine months. Respondent requests the sanction be made retroactive to the date of interim suspension,[1] but understands that if the Court declines to apply the sanction retroactively, the validity or enforceability of the Agreement is not affected. ODC does not oppose the request.

[1]. Respondent was placed on interim suspension by order dated December 29, 2016. *In re Parrott*, 419 S.C. 1, 795 S.E.2d 457 (2016).

Respondent has agreed to pay the costs incurred by ODC and the Commission on Lawyer Conduct in the investigation and prosecution of this matter. Respondent has also agreed, as a condition of discipline, to enter into a two year monitoring contract with Lawyers Helping Lawyers and file annual reports of his compliance with the contract with the Commission on Lawyer Conduct.

We accept the Agreement and suspend respondent from the practice of law in this state for nine months, not retroactive. The facts, as set forth in the Agreement, are as follows.

## Facts

In August 2016, respondent was arrested and charged with voyeurism pursuant to S.C. Code Ann. § 16-17-470(B) (2015) after he used a cell phone to take a picture up a woman's skirt in a grocery store. He was 56 years old at the time. Respondent failed to inform the Commission on Lawyer Conduct in writing within fifteen days of the arrest. Respondent represents he reviewed the rule regarding self-reporting an arrest and consulted with an attorney, but concluded he did not have a duty to self-report.

In January 2017, the charge was remanded to the municipal court contingent upon respondent pleading guilty to assault and battery, third degree. The following month, respondent pled guilty as agreed and was sentenced to pay a fine of $776.

By way of an affidavit in mitigation, respondent states he is an alcoholic in active recovery and attends Alcoholics Anonymous (AA) five to seven times a week. Respondent states he had been sober for approximately 235 days as of the date of the affidavit—May 15, 2017. He also attends a follow-up care program at Coastal Recovery Center where he is completing their intensive outpatient treatment program. He has provided a letter from the Center regarding his continued participation in outpatient treatment and stating respondent appears to be committed to "life-long recovery in abstinence based recovery principles."

Respondent explains that he progressed from being a social drinker to an alcoholic in 2013 and began attending AA "off and on" at that point, with some periods of sobriety, including one twenty-month period. At the time, he was living in North-

ern Virginia and had the support of sober friends and an AA sponsor. Respondent states he was "highly successful" while working in the Northern Virginia/DC area where he "excelled" in positions with Westlaw/Thomson Reuters. However, when Thomson Reuters downsized, respondent lost his job. He took and passed the Virginia bar examination and established a solo practice in Northern Virginia, while maintaining his license to practice law in South Carolina. However, in August 2015, respondent moved from Virginia to Myrtle Beach to care for his elderly mother. He took a job with a criminal defense firm, but left their employ in January 2016. Respondent neglected to participate in AA after he relocated and soon relapsed, "culminating with binge drinking in the summer of 2016." At his family's insistence, he scheduled himself to be checked in to an inpatient treatment facility. However, on the day he was scheduled to report to the treatment facility, he was charged with the crime that is the basis of this disciplinary action. Respondent was highly intoxicated at the time of the incident and when he checked in to the treatment facility later that day. He completed a twenty-eight day inpatient program followed by two months of intensive outpatient treatment. Respondent has submitted a letter from the treatment facility regarding his participation in treatment while hospitalized.

Respondent notes that in nearly thirty-four years of practice as an assistant solicitor and a private practitioner, no client or any other party has lodged any type of complaint against him relating to his work.

In 1997, this Court imposed a four month suspension on respondent after he pled guilty to simple assault and battery for pulling down a woman's bathing suit while she was sunbathing at the beach in 1994. *In re Parrott*, 325 S.C. 162, 480 S.E.2d 722 (1997). The opinion notes respondent had been involved in a similar incident in 1989, but was not prosecuted. Respondent covered his face in both incidents and fled when the women put up a struggle. He had no prior connections with either woman. In mitigation, respondent offered the testimony of a psychiatrist who testified respondent was suffering from "an adjustment disorder with mixed emotions and problems with conduct." The psychiatrist opined a "psychosexual development arrest" caused the assaults. It was also the psychiatrist's opinion respondent was "developmentally arrest-

ed at the adolescent stage and his acts showed the type of sexually immature behavior normally associated with that stage." The psychiatrist believed respondent's developmental problems occurred because of family problems when respondent was growing up, that the acts would not recur, and that respondent was responding well to treatment and counseling.

Respondent acknowledges his prior disciplinary history, but points out he had no further instances of such behavior since the offense in 1994. He states that since that time, his career and personal life have been rewarding, noting he "largely raised" his three daughters on his own when they were younger.

## Law

Respondent admits that his criminal conduct reflects adversely on his honesty, trustworthiness, and/or fitness as a lawyer and that the criminal act involved moral turpitude in violation of Rules 8.4(b) and (c) of the Rules of Professional Conduct (RPC), Rule 407, SCACR. Respondent further admits his failure to notify the Commission on Lawyer Conduct of his arrest constituted a violation of Rule 8.3(a), RPC, which requires a lawyer arrested for or charged by way of indictment, information or complaint with a serious crime to inform the Commission on Lawyer Conduct in writing within fifteen days of being arrested or charged. Rule 1.0(o), RPC, defines a serious crime as including a crime which reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

Finally, respondent admits he is subject to discipline pursuant to the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of a crime of moral turpitude or serious crime); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

110

## Conclusion

We hereby suspend respondent from the practice of law in this state for nine months from the date of this opinion. Respondent shall pay the costs incurred by ODC and the Commission on Lawyer Conduct in the investigation and prosecution of this matter. Respondent shall also enter into a two year monitoring contract with Lawyers Helping Lawyers and file annual reports of his compliance with the contract with the Commission on Lawyer Conduct.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.