# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Jacob Leon Parrott, Respondent.

Appellate Case No. 2020-000892

Opinion No. 27989
Submitted June 19, 2020 – Filed August 12, 2020

## DISBARRED

John S. Nichols, Disciplinary Counsel, and C. Tex Davis,
Jr., Senior Disciplinary Counsel, both of Columbia, for
the Office of Disciplinary Counsel.

Jacob Leon Parrott, of Myrtle Beach, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of any
sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR.  We accept the
Agreement and disbar Respondent from the practice of law in this state, retroactive
to June 5, 2018, the date of his arrest.  The facts, as set forth in the Agreement, are
as follows.

## Facts

On June 5, 2018, Respondent was arrested and charged with indecent exposure, in
violation of S.C. Code Ann. § 16-15-130, after he was observed exposing his
genitals and masturbating.  Respondent self-reported the arrest to ODC on June 19,
2018.  On December 9, 2019, Respondent entered a plea pursuant to *North
Carolina v. Alford*, 400 U.S. 25 (1970), and was sentenced to three years'
imprisonment, suspended to twelve months' probation and payment of $168.75 in

court costs.

Respondent's previous disciplinary history includes two matters involving similar behavior. In 1997, Respondent received a four-month suspension citing the equivalent of Rules 8.4(b) (committing a criminal act that reflects adversely on an attorney's honesty, trustworthiness, or fitness as a lawyer in other respects) and 8.4(c) (committing a criminal act involving moral turpitude), RPC, Rule 407, SCACR. *In re Parrott*, 325 S.C. 162, 480 S.E.2d 722 (1997). This four-month suspension followed Respondent's entry of an *Alford* plea to a charge of simple assault and battery he received after pulling down a woman's bathing suit while she was sunbathing at Surfside Beach in May 1994. *Id.* at 163, 480 S.E.2d at 723 (noting Respondent tried to pull off another woman's bikini bottom while she was sunbathing at North Myrtle Beach in October 1989, but was not prosecuted for this offense; and Respondent had no prior connection with either woman, covered his face during both incidents, and retreated when the women "put up a struggle").

In 2017, the Court suspended Respondent, then fifty-six years old, for nine months after he was arrested and charged with voyeurism for using a cell phone to take photos up a woman's skirt in a grocery store and failed to inform ODC of his arrest within the required fifteen-day period. *In re Parrott*, 421 S.C. 105, 107, 804 S.E.2d 852, 853 (2017). In its 2017 order, the Court found Respondent's conduct violated Rules 8.3(a) (requiring an attorney to provide notice to ODC in writing within fifteen days of being arrested or charged by way of indictment, information, or complaint with a serious crime), and 8.4(b) (committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), RPC, Rule 407, SCACR. *In re Parrott*, 421 S.C. at 109, 804 S.E.2d at 854.

## Law

Respondent admits his conduct violated Rule 8.4(b), RPC, Rule 407, SCACR (committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects). Respondent further admits his conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 407, SCAR (violating or attempting to violate the Rules of Professional Conduct).

## Conclusion

We find Respondent's misconduct warrants disbarment. Accordingly, we accept the Agreement and disbar Respondent from the practice of law in this state,

retroactive to June 5, 2018.  Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct within thirty (30) days of the date of this opinion.  Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**